UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DEMETRIUS L. MIMS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 4:18-cv-696-DDN |
| BARNES HOSPITAL, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Demetrius Mims for leave to proceed *in forma pauperis* in this civil action. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. The motion will therefore be granted. In addition, the Court will dismiss the complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

*Pro se* complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed the instant complaint against Barnes Hospital, the St. Louis County Jail, the University City Police Department, and Michelle J. Place. He invokes this Court's federal question jurisdiction on the basis of "deprivation of rights." (Docket No. 1 at 4). He avers that he and all of the named defendants are Missouri residents.

Plaintiff alleges that the events giving rise to his claims occurred on August 20, 1997. On that date, plaintiff was questioned by the University City Police Department, and when he did not speak, they charged him with first-degree robbery and armed criminal action. He was held in the St. Louis County Jail and classified as armed and dangerous even though he was not. After a preliminary hearing, the University City Police Department again tried to force plaintiff to talk. Plaintiff next alleges that Michelle Place did an incorrect procedure on his jaw, and on January 8,

2

2018, he was diagnosed with "chronic jaw pain and other chronic pain." *Id.* at 7. Plaintiff does not explain how his jaw was broken.

Plaintiff seeks monetary relief for pain and suffering. He also asks this Court to remove three felony convictions from his record, and to also remove a friend's felony conviction.

## Discussion

As noted above, plaintiff invokes this Court's federal question jurisdiction to vindicate his rights. This case is therefore properly characterized as one brought pursuant to 42 U.S.C. § 1983. Section 1983 claims are analogous to personal injury claims, and are subject to Missouri's five-year statute of limitations. *Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005). "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an *in forma pauperis* complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (*per curiam*).

Plaintiff claims his rights were violated on August 20, 1997, more than twenty years ago. The Court will therefore dismiss plaintiff's complaint as frivolous based on the expiration of the statute of limitations. *See id.; see also* 28 U.S.C. § 1915(e)(2)(B)(i).

Even if the complaint had been timely filed, it would be subject to dismissal. Neither the St. Louis County Jail nor the University City Police Department can be sued under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (departments or subdivisions of local government are not "juridical," or suable, entities). In addition, plaintiff alleges no facts from which the Court could reasonably infer that defendants Barnes Hospital and/or Michelle Place were state actors. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) (to state a § 1983 claim, a plaintiff must prove that he was deprived of constitutional rights as a result of state

3

action by a state actor); *see also Martin*, 623 F.2d at 1286 (even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law).

Finally, diversity jurisdiction would not exist because plaintiff and all of the defendants reside in Missouri. *See* 28 U.S.C. § 1332(a).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 14th day of May, 2018.

                                                           JOHN A. ROSS
                                                           UNITED STATES DISTRICT JUDGE